UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVIDELIA TYLER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**OTRCDC, LLC, and LISA A. GIANCARLI, individually**<br><br>Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, EVIDELIA TYLER ("Tyler" or "Plaintiff"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants OTRCDC, LLC, ("Defendant" or "OTRCDC") and LISA A. GIANCARLI, individually ("Giancarli") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt clerical duties for the Defendants in New Jersey and based from Defendants' location in Bordentown, Burlington County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the Defendant OTRCDC, LLC, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own and operate a day care center. Defendants routinely accept credit card payments, which involves interstate banking and financing. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Defendants and Plaintiff fall within the protections of the Act.

## PARTIES

7. Plaintiff Tyler is an adult individual who is a resident of Lumberton, Burlington County, New Jersey.

8. Plaintiff Tyler was employed by Defendants full time as a clerical worker, from in or about June 2011, through in or about May 2017.

9. Upon information and belief, the Defendants own and/or maintain a day care center.

10. Upon information and belief, the Defendant OTRCDC, is headquartered in Bordentown, Burlington County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, the Defendant, OTRCDC, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant OTRCDC's annual gross volume of sales made or business done was not less than $500,000.00.

12. At all times relevant to this Complaint, the Defendant OTRCDC was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

13. Upon information and belief, Individual Defendant Giancarli is a New Jersey state resident.

14. Upon information and belief, at all times relevant to this Complaint, individual Defendant Giancarli has been an owner, partner, officer and/or manager of the Defendant OTRCDC.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Giancarli has had power over personnel decisions at the Defendant OTRCDC's business.

16. Defendant Giancarli was present at the OTRCDC premises every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for overtime hours worked in a work week.

18. Plaintiff Tyler was compensated $1,577.00 bi-weekly.

19. Plaintiff Tyler worked from approximately 6:30 a.m. until approximately 3:30 am, Monday through Friday.

20. Plaintiff Tyler also worked one day during the weekend, every other weekend, for approximately three (3) hours.

21. Plaintiff Tyler was not paid for her overtime hours worked, regardless of the number of hours over forty (40) that he worked each work

22. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

23. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendants.

24. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

25. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

26. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

27. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which she was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

28. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

29. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 28 above.

30. Plaintiff is entitled to be paid additional compensation for each of her overtime hours worked per work period.

31. Defendants knowingly and willfully failed to pay Plaintiff at one and one-half times her regular rate of pay for all of their overtime worked in a work week.

32. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

34. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Defendants' aforementioned conduct is in violation of the NJWHL.

36. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

37. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff EVIDELIA TYLER demands judgment, against Defendants OTRCDC, LLC, and LISA GIANCARLI, individually, for the payment of compensation for all overtime pay due her for the time worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 30, 2017					Respectfully submitted,

                  s/ Andrew I. Glenn
                 Andrew I. Glenn, Esquire
                 E-mail: Aglenn@jaffeglenn.com
                 New Jersey Bar No.: 026491992
                 Jodi J. Jaffe, Esquire
                 E-mail: Jjaffe@jaffeglenn.com
                 New Jersey Bar No.: 022351993
                 **JAFFE GLENN LAW GROUP, P.A.**
                 301 N. Harrison Street, Suite 9F, #306
                 Princeton, New Jersey 08540
                 Telephone: (201) 687-9977
                 Facsimile: (201) 595-0308
                 *Attorneys for Plaintiff*